**422**

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its corporate
capacity, Plaintiff,

v.

ERNST & YOUNG, LLP, Defendant.

No. 02 C 7914.

United States District Court,
N.D. Illinois,
Eastern Division.

June 5, 2003.

F. Thomas Hecht, Ungaretti & Harris,
Chicago, IL, Mark C. Kopec, Stephen L.
Snyder, Andrew G. Slutkin, Snyder, Slutkin,
Lodowski & Kopec, Baltimore, MD, for plain-
tiff.

Alan Norris Salpeter, Stanley J. Parzen,
Michele Odorizzi, Jonathan C. Medow, Rosa-
ria Vivo Owen, Edward H. Williams, Mayer,
Brown, Rowe & Maw LLP, Chicago, IL, for
defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

On April 15, 2003, this court issued a Mem-
orandum Opinion and Order (the "April 15
Opinion") granting the motion to dismiss
filed by defendant Ernst & Young, LLP ("E
& Y") on the ground that plaintiff Federal
Deposit Insurance Corporation ("FDIC") did
not have standing to file this suit in its
corporate capacity.[1] In addition, the April 15
Opinion contained the following:

> The remaining issue, then, which was ar-
> gued extensively by both parties in their
> briefs as well as during oral argument, is
> whether the FDIC properly repudiated the
> arbitration provision contained in Superi-
> or's engagement letter with E & Y.

> At the time of the filing of the instant
> suit, the FDIC as receiver purportedly
> repudiated the arbitration provision in Su-
> perior's engagement letter with E & Y
> pursuant to 12 U.S.C. § 1821(e), which
> provides authority for the receiver of a
> failed bank to repudiate "any contract or
> lease." Accordingly, in its response brief
> and at oral argument, the FDIC argued
> that, "[e]ven if the FDIC did file this case
> in its receivership capacity, it would not be
> bound by the arbitration provisions be-
> cause those provisions have been properly

---

1. The factual and procedural context of the in-
stant case may be found at 256 F.Supp.2d 798
(N.D.Ill.2003).

repudiated." The court disagrees. The plain text of § 1821(e) provides for the repudiation of "a contract," rather than a provision thereof. The statute does not permit the FDIC to repudiate only those provisions of a contract with which it is dissatisfied.

FDIC has filed a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) or, in the alternative, Fed.R.Civ.P. 60(b), asking the court to remove the language quoted above because, (1) the issue of the receiver's repudiation was not before the court, and thus the language sought to be stricken was merely dicta, and (2) FDIC in fact repudiated the entire contract rather than just the alternative dispute resolution provisions. For the reasons set forth below, FDIC's motion is denied.

■ First, both parties, and this court, agree that the language is dicta. Seventh Circuit precedent is quite clear, however, that Rules 59(e) and 60(b) cannot be used to seek reconsideration of dicta. In *Abbs v. Sullivan*, 963 F.2d 918, 925 (7th Cir.1992), the court, in dismissing a cross-appeal from the district court's denial of a motion to vacate dicta in an opinion, noted: "Rules 59(e) and 60(b) speak of motions to amend or vacate or modify the court's *judgment.* Dicta are not judgments. A motion to vacate a dictum is outside the scope of these rules and an appeal from a denial of such a motion is frivolous and therefore does not engage our jurisdiction." (Emphasis in original; citations omitted).

■ Next, as E & Y points out, although the parties agreed that the court need not reach the repudiation issue, both parties, and particularly FDIC, invited the court to rule on the repudiation issue both in their briefs and in oral argument. Indeed, FDIC argued vigorously that regardless of whether it had the standing to sue in its corporate capacity, it had, as receiver of Superior, "repudiated the arbitration clause pursuant to its well-recognized statutory authority." Having used this argument to attempt to persuade the court that, regardless of the court's conclusion with respect to the standing issue, this case would not proceed to arbitration, FDIC is in no position to complain that the

court reached the issue in its April 15 Opinion.

Finally, in their briefs concerning FDIC's motion to alter or amend the judgment the April 15 Opinion, the parties argue extensively the issue of whether in fact FDIC did or could repudiate the entire contract or only the dispute resolution provisions. FDIC attaches to its motion a copy of its November 1, 2002, letter to E & Y, which contains the following language:

> Federal law, specifically 12 U.S.C. § 1821(e), authorizes the FDIC as receiver to disaffirm or repudiate any contract entered into by any insured depository institution, the performance of which, in the receiver's discretion, is burdensome, and the disaffirmance or repudiation of which, in the receiver's discretion, will promote the orderly administration of the institution's affairs. While the FDIC as receiver of Superior Federal does not believe that it is bound by the dispute resolution provisions contained in that letter or any other document, it has nevertheless determined to exercise this statutory authority with respect to all contracts containing dispute resolution provisions that might exist between Ernst & Young and the Superior Bank. Consequently, any remaining provisions concerning dispute resolutions are unenforceable against the FDIC as receiver of Superior Federal.

FDIC argues that its letter to E & Y specifically repudiates the entire contract, rather than only the dispute resolution provisions. The full text of the letter was not submitted to the court in connection with E & Y's motion to dismiss, thus leaving the court to assume that FDIC had sought to repudiate only the dispute resolution provisions of the contract rather than the entire agreement.

First (in what might be considered dicta), the court notes that the language used by FDIC in its November 1, 2002, letter to E & Y is less than clear. It references FDIC's statutory authority to repudiate "any contract" and its decision to "exercise this statutory authority with respect to all contracts containing dispute resolution provisions that

might exist between Ernst & Young and Superior Bank." The letter then concludes that, "any remaining provisions concerning dispute resolutions are unenforceable against the FDIC as receiver of Superior Federal." The letter does not specifically repudiate the entire contract, but seems directed only to the dispute resolution provisions.

Moreover (in what might also be considered dicta), the court notes that in its response to E & Y's motion to dismiss, FDIC stated that it "repudiated the arbitration *clause*" rather than the entire contract. (Emphasis added.) The court relied on this statement when it issued the April 15 Opinion. Accordingly, the record as it existed at the time the court issued that Opinion fully supported the dicta that FDIC now seeks to eliminate.

Finally, E & Y argues at length that FDIC cannot "repudiate the entire engagement letter and then sue to enforce the duties created by or arising out of the engagement letter on the other." In response, FDIC argues that the merits of its repudiation are not and were not before the court. The court agrees that the final determination of whether FDIC may sue in its receivership capacity should be left for another day.

The basis for the judgment entered by this court dismissing the complaint was FDIC's lack of standing to sue in its corporate capacity. That judgment will not be altered or amended, and the dicta concerning the repudiation will not be removed for the reasons stated above. FDIC's motion to alter or amend the judgment is therefore denied.

